Andrea N. Myers, Esq. (SBN 259401)
Dakota Hickingbottom, Esq. (SBN 339789)
Brendan Bargmann, Esq. (SBN 356264)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, Suite 2100
San Diego, California 92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
E-Mail:  myers@scmv.com
         hickingbottom@scmv.com
         bargmann@scmv.com
Attorneys for Plaintiff, 2525 RAMONA, LLC

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

# (SAN DIEGO)

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

| | |
|---|---|
| 2525 RAMONA, LLC, a California Limited Liability Company; and CHULA VISTA HOLISTIC CENTER, INC., a California Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> STARBUCKS CORPORATION, a Washington Corporation; and DOES 1 through 20, inclusive <br><br> Defendants. | Case No. 3:26-cv-02733-BAS-SBC <br><br> (Removed from San Diego County Superior Court, Case No. 26CU015835C) <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION FOR ORDER DROPPING PLAINTIFF CHULA VISTA HOLISTIC CENTER, INC. AND CONFIRMING ASSIGNMENT OF RIGHTS TO PLAINTIFF 2525 RAMONA, LLC** <br><br> **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** <br><br> Date:         July 17, 2026 <br> Ctrm:         N/A <br> Dist. Judge:  Hon. Cynthia A. Bashant <br> Mag. Judge:   Hon. Steve B. Chu <br><br> Filed:        March 20, 2026 <br> Removed:      April 29, 2016 <br> Trial Date:   None set |

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION FOR ORDER DROPPING PLAINTIFF CHULA VISTA HOLISTIC CENTER, INC. AND CONFIRMING ASSIGNMENT OF RIGHTS TO PLAINTIFF 2525 RAMONA, LLC

## I.    <u>INTRODUCTION</u>

Defendant Starbucks Corporation's ("Starbucks") Limited Opposition confirms that the parties are largely in agreement. Starbucks does not oppose dropping Plaintiff Chula Vista Holistic Center, Inc. ("CVHC") from this action. Starbucks also does not identify any present prejudice from allowing Plaintiff 2525 Ramona, LLC ("Ramona") to continue prosecuting this case as the sole remaining plaintiff. The sole point of contention is whether the Court order adopts Ramona's proposed order that acknowledges that CVHC executed an assignment in favor of Ramona concerning the claims at issue, while expressly preserving Starbucks' ability to challenge the scope, validity, enforceability, or effect of that assignment later.

Ramona's requested order is proper. Rule 21 authorizes the Court to drop a party at any time "on just terms." Fed. R. Civ. P. 21. Rule 1 favors a procedure that secures the just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1. Ramona's proposed order serves both principles. It removes an unnecessary party, eliminates any confusion regarding Ramona's continued prosecution of the claims asserted in the Complaint, and preserves all rights, claims, defenses, and arguments — subject only to the stipulation that CVHC will no longer remain a party.

Ramona does not ask the Court to adjudicate the ultimate scope, validity, enforceability, or effect of the assignment. It simply asks the Court to enter a procedural order that drops CVHC, confirms Ramona may continue prosecuting the action, and makes clear that Starbucks remains free to raise any proper assignment-related challenge in due course. That relief is efficient, non-prejudicial, and fully consistent with the purposes of Rules 1 and 21.

## II.    <u>ARGUMENT</u>

### A.    <u>Starbucks Does Not Oppose Dropping CVHC as a Party</u>.

The Court should grant the portion of the Motion dropping CVHC as a party. Starbucks does not oppose that relief. Starbucks' Opposition at 1:3. Paragraphs 2 and 3 of the Proposed Order accomplish this straightforward procedural step by removing CVHC as a party and adjusting the docket to reflect Ramona as the sole remaining plaintiff accordingly.

The remaining provisions of the Proposed Order are designed to prevent confusion, not

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION FOR ORDER DROPPING PLAINTIFF CHULA VISTA HOLISTIC CENTER, INC. AND CONFIRMING ASSIGNMENT OF RIGHTS TO PLAINTIFF 2525 RAMONA, LLC

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

to adjudicate merits issues. Paragraphs 5 through 8 of the Proposed Order clarify the limited scope of the relief – that Ramona may continue to prosecute the action, and that nothing is adjudicated, waived, or dismissed otherwise, preserving the status quo of all rights, claims, defenses, and arguments of all parties. The proposed relief removes a duplicative party without altering the substantive posture of the case. That is precisely the type of procedural housekeeping Rule 21 contemplates. The order streamlines the parties, eliminates unnecessary duplication, and preserves the status quo as to the claims and defenses to be litigated.

**B.**     **Recognizing the Assignment Does Not Require a Determination on the Merits.**

Starbucks' concern appears to be that language recognizing the assignment could later be cited as a merits determination. Starbucks' Opposition at 2:2-4. That concern can be readily addressed through limiting language. The Court can acknowledge that CVHC executed an assignment concerning the claims at issue and permit Ramona to proceed as the sole remaining plaintiff, while expressly preserving Starbucks' ability to challenge the assignment's scope, validity, enforceability, or effect in later proceedings.

Such an order would not adjudicate the assignment on the merits. It would not decide whether the assignment is enforceable against Starbucks for all purposes. It would not waive any defense. It would not preclude Starbucks from challenging the assignment later if a proper procedural or substantive basis exists. It would simply avoid uncertainty over whether dropping CVHC somehow impairs Ramona's ability to continue prosecuting the claims alleged in the Complaint.

Plaintiffs are therefore amenable to revised language if the Court believes additional clarification is appropriate. For example, paragraph 4 of the Proposed Order could state:

> The Court acknowledges that Chula Vista Holistic Center, Inc. executed an assignment concerning claims asserted in this action, and that 2525 Ramona, LLC may continue prosecuting this action as the sole remaining plaintiff, without prejudice to any party's rights, claims, defenses, or arguments concerning the scope, validity, enforceability, or effect of the assignment.

That language provides Starbucks the reservation it seeks while affording Plaintiffs the procedural clarity they need.

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION FOR ORDER DROPPING PLAINTIFF CHULA VISTA HOLISTIC CENTER, INC. AND CONFIRMING ASSIGNMENT OF RIGHTS TO PLAINTIFF 2525 RAMONA, LLC

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

**C.      Starbucks Identifies No Actual Prejudice.**

Starbucks identifies no present prejudice from the requested relief. It does not submit evidence that the assignment is invalid, incomplete, ineffective, or defective. It does not contend that CVHC must remain a party to preserve any claim or defense. And it does not explain how it would be harmed by an order that expressly preserves its right to raise assignment-related challenges at a later stage.

At most, Starbucks raises speculation that an order recognizing the assignment could later be cited to oppose arguments that Defendant has not advanced or otherwise used against it in a future dispute. That concern does not justify denying the Motion. It justifies clarifying the order. Plaintiffs have no objection to language making clear that the order does not adjudicate the assignment's ultimate scope, validity, enforceability, or effect.

If the Court deems it necessary, Plaintiffs suggest inserting express reservation language, such as:

> Nothing in this Order precludes Defendant Starbucks Corporation from challenging the scope, validity, enforceability, or effect of the assignment in later proceedings.

Such language fully protects Starbucks while allowing the case to proceed efficiently with Ramona as the sole remaining plaintiff.

**D.      The Requested Procedural Clarification Will Avoid Unnecessary Confusion and Motion Practice.**

If CVHC is dropped without any recognition that Ramona is proceeding as assignee, Starbucks may later argue that claims arising from the course of dealings between CVHC and Defendant are no longer properly before the Court. Ramona would then be forced to relitigate the same procedural issue, potentially after additional time and expense have been incurred.

This is the specific procedural uncertainty Ramona seeks to avoid. Plaintiffs do not ask the Court to decide the merits of any future assignment challenge. They only ask that the Court make clear that dropping CVHC does not, standing alone, impair Ramona's ability to continue prosecuting the claims asserted in the Complaint.

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION FOR ORDER DROPPING PLAINTIFF CHULA VISTA HOLISTIC CENTER, INC. AND CONFIRMING ASSIGNMENT OF RIGHTS TO PLAINTIFF 2525 RAMONA, LLC

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

Judicial economy favors resolving this procedural issue now rather than inviting later disputes over whether Ramona may continue to prosecute the assigned CVHC claims. The proposed order clarifies that Ramona, the sole remaining Plaintiff, may continue to prosecute those claims asserted in the complaint that may have been solely CVHC's. There is no practical benefit to leaving that question unresolved, and there is substantial potential prejudice to Ramona if the issue is deferred.

### III.   CONCLUSION

Plaintiffs respectfully request that the Court grant the Motion. Starbucks does not oppose dropping CVHC as a party, and the proposed relief preserves Starbucks' ability to challenge the scope, validity, enforceability, or effect of the assignment in later proceedings.

Accordingly, the Court should enter the Proposed Order dropping CVHC, confirming that Ramona may continue prosecuting this action as the sole remaining plaintiff, and making clear that the order does not adjudicate, waive, release, extinguish, impair, or otherwise prejudice any party's rights, claims, defenses, or arguments, except that CVHC shall no longer be a party to this action.

Alternatively, if the Court has concern over the wording of the requested relief, Plaintiffs request that the Court enter an order using the limiting language proposed above, or any similar language the Court deems appropriate, to preserve Starbucks' future assignment-related challenges while avoiding unnecessary confusion and delay.

///

///

///

5

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION FOR ORDER DROPPING PLAINTIFF CHULA VISTA HOLISTIC CENTER, INC. AND CONFIRMING ASSIGNMENT OF RIGHTS TO PLAINTIFF 2525 RAMONA, LLC

Dated: July 9, 2026

SELTZER CAPLAN McMAHON VITEK
A Law Corporation

By: _____
Andrea N. Myers, Esq.
Dakota Hickingbottom, Esq.
Brendan Bargmann, Esq.
Attorneys for Plaintiff 2525 RAMONA, LLC

Dated: July 10, 2026

So Cal Realty Law, Apc

By: _____
Shanna E. Welsh, Esq.
Attorney for Plaintiff CHULA VISTA HOLISTIC
CENTER, INC.

Dated: July 10, 2026

By: _____
Adam O. Stone, Esq.
Attorney for Plaintiff CHULA VISTA HOLISTIC
CENTER, INC.

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

6

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION FOR ORDER DROPPING PLAINTIFF CHULA VISTA HOLISTIC CENTER, INC. AND CONFIRMING ASSIGNMENT OF RIGHTS TO PLAINTIFF 2525 RAMONA, LLC